UECKE, Appellant, vs. HELD and wife, imp., Respondents.

*December 7, 1910—January 10, 1911.*

*Pleading: Misjoinder of causes of action: Vendor's lien on land.*

Where a complaint states no more than the facts necessary to show plaintiff's right to declare and enforce a vendor's lien on land, and shows that it was the pleader's intention to state that cause of action, it should not be held that a cause of action at law has been joined therewith merely because the prayer for relief is that plaintiff have judgment for the unpaid purchase price and, in case it be not paid by a day to' be named by the court, that it be adjudged and enforced as an equitable lien on the land.

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

June 1, 1906, Wilhelm Uecke and his wife *Caroline,* the plaintiff herein, sold to the defendant Jacob Held certain real estate which they owned jointly. Four hundred dollars of the purchase price of $1,100 was paid in cash and the purchaser gave them a promissory note due in one year for the balance. By direction of the purchaser, Jacob Held, the

deed was made to his son, the defendant *George L. Held.*
Payment of the note for $700 was extended for a year.
Upon its becoming due payment was refused. The com-
plaint alleges that the son holds the real estate in trust for the
father; that the defendant *Annie Held* is the wife of *George
L. Held;* that the vendor, ·Wilhelm Uecke, has died intestate;
that prior to his death he assigned his interest in the note to
the plaintiff, and that she holds the note by virtue of this as-
signment and by right of survivorship; that the defendant
*George L. Held* took the conveyance of the property with full
knowledge that $700 of the purchase price of the property
was unpaid and evidenced by this note; and that no action or
proceeding has been taken to collect said note or purchase
money.

It is alleged that the defendants Fred Pflughoef and his
wife Martha have a land contract executed in their favor by
the defendant *George L. Held* on which there is still due
about the sum of $900.

"Wherefore, · the plaintiff demands judgment against the
defendant Jacob Held for the sum of seven hundred ($700)
dollars, with interest thereon and costs of suit, and in case the
said defendants fail to pay said judgment by a day to be
named by the court, that said purchase money so unpaid and
interest be adjudged and allowed as a lien on the aforesaid
real estate, and that plaintiff be adjudged to have an equitable
lien upon said lands for the unpaid purchase price thereof,
aforesaid, and that the said defendants and all persons
claiming under them since the commencement of this action
be barred and foreclosed of all right, title, interest, lien or
equity of redemption in said lands, and that the same be sold
under the direction of this court, and at such time and in
such manner as the court may direct, and the plaintiff be
paid the amount of said lien out of the proceeds of such sale,
together with the expenses of such sale and the costs of this
action, and that in case of deficiency the plaintiff have judg-
ment against the defendant Jacob Held for the amount
thereof, and for such other or further relief as may be just
and equitable."

The court sustained a demurrer of the defendants *George L. Held* and *Annie Held* on the ground of the improper joinder of causes of action and because the complaint did not state facts sufficient to constitute a cause of action against the defendants. This is an appeal from the order of the court sustaining the demurrer.

The cause was submitted for the appellant on the briefs of *Lenicheck, Robinson, Fairchild & Boesel,* and for the respondents on the brief of *E. J. Ludwig.*

SIEBECKER, J. The plaintiff claims that the court erred in sustaining the demurrer because the complaint alleges sufficient facts to constitute a cause of action for relief by way of declaring and enforcing a vendor's lien, and because no other cause of action is alleged. The trial court held that the averments constituted a cause of action at law in addition to such an action in equity. The facts alleged are material and pertinent to a statement of a cause of action to declare and enforce a vendor's lien and must be so viewed. It is clear from the allegations of the complaint that the pleader's object was to state the facts for relief so as to establish and enforce a vendor's lien. The trial court evidently viewed the facts alleged as stating a cause of action on the note, because the plaintiff asks that judgment be awarded for the unpaid purchase price against Jacob Held, the maker of the note. The complaint, however, states no more than the material facts showing the primary right of a vendor to declare and enforce a vendor's lien. It is essential to such a cause of action that the court ascertain the amount of the purchase price remaining unpaid and award judgment against the debtor therefor. And the demand for judgment against the debtor for such amount does not give the complaint a double aspect of stating two causes of action, for a recovery at law on the note and to enforce a vendor's lien. If the complaint be tested in the light of the subject of controversy presented, it is plain that but

one primary right is sought to be enforced.    The allegations are clearly sufficient to constitute a cause of action to enforce plaintiff's right to a vendor's lien, and, when so interpreted, all the facts alleged and the relief prayed harmonize with such a purpose and object.

The question of fact as to whether or not the taking of the note from the vendee was accepted as payment of the balance of the purchase money is sufficiently negatived by the allegations of the complaint, which refute respondents' claim that the facts alleged show that it was accepted in payment of the balance of the purchase price.

We consider that the complaint states a good cause of action to declare and enforce a vendor's lien and that there is no misjoinder of causes of action.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the circuit court with directions to enter an order overruling the demurrer and granting the defendants the privilege of answering upon the usual terms and conditions.